UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| VS. | § | CRIMINAL NO. H-05-0170-2 |
| | § | |
| Rodolfo Garcia | § | |

## MEMORANDUM AND ORDER

Pending before the Court are numerous pretrial motions filed by Defendant Rodolfo Garcia.  After considering the parties' filings and the applicable law, the Court finds that Defendant's motion for individual voir dire, Docket No. 23, should be and hereby is **GRANTED**; that his motion for production of Jencks Act material, Docket No. 26, should be and hereby is **DENIED**; that his motion for discovery and inspection, Docket No. 37, should be and hereby is **GRANTED IN PART AND DENIED IN PART**; that his motion for notice of government's intent to use evidence, Docket No. 39, should be and hereby is **GRANTED**; and that his motion for a bill of particulars, Docket No. 40, should be and hereby is **DENIED AS MOOT**.  The Court addresses the merits of each motion in turn.

## I.     INDIVIDUAL VOIR DIRE EXAMINATION

Defendant first requests individual voir dire of prospective jurors.  The United States opposes the request on the ground that individual voir dire will unnecessarily prolong the trial.  To the extent that Defendant is requesting the right to have counsel, rather than the Court, conduct voir dire, the motion is **GRANTED**.  Indeed, that is the unvarying practice of this Court.

## II.     PRODUCTION OF JENCKS ACT MATERIAL

Defendant also requests early disclosure of statements made by witnesses who will testify for the prosecution at trial.  The United States opposes the request on the ground that the Jencks Act, 18 U.S.C. § 3500(a), requires disclosure of such statements only after the declarant testifies at trial and only to the extent that they relate to the declarant's trial testimony.  Defendant replies that strict application of the Jencks Act deprives him of rights secured by the Constitution.

The United States has accurately represented the requirements of the Jencks Act. *See United States v. Greer*, 939 F.2d 1076, 1098 & n.28 (noting that "the Jencks Act does not require pretrial disclosure of [witness] statements" but rather mandates disclosure only of those portions of statements that are relevant to witness testimony given at trial). Moreover, the Fifth Circuit has repeatedly held that strict application of the Jencks Act does not infringe a defendant's constitutional rights.  *See United States v. Campagnuolo*, 592 F.2d 852, 858-860 (5th Cir. 1979) (collecting Fifth Circuit opinions holding that compliance with the Jencks Act provides sufficient due process under *Brady v. Maryland*, 373 U.S. 83 (1963)); *United States v. Gaston*, 608 F.2d 607, 611 (5th Cir. 1979) (holding that a witness's statements must be disclosed under the Jencks Act "only to the extent that they relate[ ] to the subject matter of his testimony").

The law in this Circuit is, therefore, clear: the United States need not produce any witness's statements under the Jencks Act prior to that witness's testimony at trial and, even after such testimony, need only produce statements concerning the subject matter of the testimony.  The United States has nonetheless volunteered to produce relevant prior statements by each witness prior to that witness's testimony.  (United States' Consol.

Resp. to Def.'s Mots. at 15 ¶ 7.)  Such disclosure is more than sufficient to protect Defendant's constitutional rights.  *See United States v. Anderson*, 574 F.2d 1347, 1352 (5th Cir. 1978) (approving an identical discovery agreement).  Defendant's motion for early disclosure of Jencks Act material is therefore **DENIED**.

## III.    DISCOVERY AND INSPECTION

Defendant requests discovery of numerous specific items of evidence and types of information.  The Court addresses each in turn.

### A.    Statements of Defendants, Alleged Co-Conspirators or Aiders and Abettors, and Government Witnesses

Defendant requests the disclosure of all statements made by defendants, alleged co-conspirators or aiders and abettors, and government witnesses, including those statements that conflict with each other and those that are exculpatory as to Defendant. The United States opposes this request, except as it pertains to exculpatory evidence discoverable under *Brady*.  Defendant replies, first, that all statements made by co-Defendant David Rincon and by convicted Internal Revenue Service (IRS) Agent Noe Rodriguez are exculpatory, insofar as they fail to mention Defendant.  (Def.'s Mot. for Disc. & Inspection at 2.)   The Fifth Circuit has held, however, that, "[a]lthough exculpatory and impeachment evidence fall within the purview of *Brady*, neutral evidence does not." *United States v. Dillman*, 15 F.3d 384, 390 (5th Cir. 1994); *see also Wood v. Bartholomew*, 516 U.S. 1, 6 (1995) (rejecting the contention that "mere speculation" as to whether information will lead to exculpatory evidence is insufficient to support mandatory disclosure).   A witness's mere failure to inculpate a defendant is considered to be neutral, not exculpatory, evidence.  *See Andrews v. Collins*, 21 F.3d 612, 626 (5th Cir. 1994) (holding that the prosecution was not obligated to disclose that

eyewitnesses could not identify defendants).  Therefore, statements made by Rincon or Rodriguez are not discoverable under *Brady* merely because they fail to mention Defendant.

Defendant next contends that all statements made by Rincon are discoverable under FED. R. CRIM. P. 16(a)(1)(E), which provides for inspection of "books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items" that are material to the preparation of an adequate defense.  Rule 16(a)(2), however, contradicts Defendant's position by stating that Rule 16 "does not authorize . . . . the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500."  FED. R. CRIM. P. 16(a)(2).  Section 3500 is, of course, the Jencks Act, which – as noted above – does not obligate the government to disclose a witness's prior statements until that witness has testified at trial.  Defendant's request for pretrial discovery of statements by Defendant and others is therefore **GRANTED** as regards exculpatory *Brady* statements and is otherwise **DENIED**.

### B.    Written Statements by Defendant

Defendant also requests the production of written statements attributed to him and purportedly made to government agents or third parties.  The United States opposes this request only insofar as it pertains to statements allegedly made to third parties, except for taped conversations between Defendant and a third party.  Defendant does not appear to object to the United States' proposed limitations, which are consistent with FED. R. CIV. P. 16(a)(1)(B).  Pursuant to the agreement of the parties, therefore, Defendant's request for discovery of his written statements is **GRANTED** as to statements within the United

States' possession, custody, or control, or which the United States' attorney knows, through due diligence, exist, which were made by Defendant to government agents or before the grand jury, or which were made to third parties and recorded on tape. The request for discovery of Defendant's written statements is otherwise **DENIED**.

### C.      Oral Statements by Defendant

Defendant requests the disclosure of the substance of any oral statement made or purportedly made by Defendant, whether or not the government intends to introduce the statement as evidence at trial. The United States agrees to produce such statements only insofar as they were made in response to interrogation by government agents and only if the United States intends to use the statements at trial. Defendant does not appear to object to the United States' proposed limitations, which are consistent with FED. R. CRIM. P. 16(a)(1)(A). Pursuant to the agreement of the parties, therefore, Defendant's request for discovery of his oral statements is **GRANTED** as to the substance of oral statements, made by Defendant in response to interrogation by government agents, which the United States intends to introduce at trial. The request is otherwise **DENIED**.

### D.      Grand Jury Transcript

Defendant requests a transcript of all proceedings conducted before any grand jury investigating this case or related events. The United States opposes the motion on the ground that Defendant has failed to demonstrate the required particularized need for such a transcript. The United States is correct. The Supreme Court has "recognized the long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts" and has ruled that, "when disclosure is permitted, it is to be done discretely and limitedly." *Dennis v. United States*, 384 U.S. 855, 869 (1966) (internal

quotation marks and citations omitted).  "Accordingly, the Court has refused in a civil case to permit pretrial disclosure of an entire grand jury transcript where the sole basis for discovery was that the transcript had been available to the Government in preparation of its case."  *Id.*; *see also United States v. Johnston*, 685 F.2d 934, 941 (5th Cir. 1982) ("The burden is upon the [defendant] to demonstrate 'particularized need' in order to obtain grand jury proceedings.") (quoting *Dennis*, 384 U.S. at 868).  Because Defendant has articulated no particular justification for disclosure of the grand jury transcript, his request for a grand jury transcript is **DENIED**.

> **E.**    **Tape Recordings, Documents, Books, Papers, and Other Tangible Objects**

Defendant requests copies and transcripts of all tape recordings of conversations to which he or any alleged co-conspirator or aider and abettor is purported to be a party. The United States agrees to this request only insofar as it pertains to recordings that the United States intends to use at trial or that are material to preparing the defense. Defendant also requests all documents purportedly signed by him or by an alleged co-conspirator, and all books, papers, documents, photographs, videotapes, or tangible objects that are in the possession, custody, or control of the United States and that are material to the defense.  The United States agrees to these requests insofar as disclosure is required by FED. R. CRIM. P. 16(a)(E).  Defendant does not appear to oppose the United States' proposed limitation.   Defendant's requests for discovery of tape recordings, documents, books, papers, and all other objects discoverable under Rule 16(a)(1)(E) is, therefore, **GRANTED** insofar as it pertains to recordings that are material to the defense or that will be used in the United States' case-in-chief, and is otherwise **DENIED**.

### F.      Witness List

Defendant requests a list of persons whom the United States intends to call as witnesses at trial.  The United States opposes this request on the ground that a defendant in a non-capital case has no right to such a list.  The United States is correct in stating that the Constitution does not mandate such disclosure, *see United States v. Kaiser*, 545 F.2d 467, 475 (5th Cir. 1977), but the Court may, in the exercise of its discretion, order the production of a witness list.  *See United States v. Moseley*, 450 F.2d 506, 510 (5th Cir. 1971).

The Fifth Circuit has, however, endorsed the denial of requests for witness lists where "it does not appear that the list[s] would . . . materially aid [the defendants] in the preparation of [their] defense[s]."  *United States v. Hancock*, 441 F.2d 1285, 1286-87 (5th Cir. 1971).  Here, Defendant has neither argued nor provided evidence that a government witness list would provide him with information that he does not already possess or that he could not obtain through the exercise of reasonable diligence.  Moreover, the United States has volunteered to file a witness list with this Court before the commencement of jury selection.  Defendant will, therefore, have access to the list in advance of trial.  For these reasons, Defendant's request for a witness list is **DENIED**.

### G.      List of Persons Interviewed or Having Knowledge of This Case

Defendant requests the disclosure of the names and addresses of all persons having knowledge of the circumstances of this case or who were interviewed by the United States or its agents in connection with this case.  The United States opposes the request on the ground that such disclosure is not mandated by law.  In reply, Defendant

provides no argument, evidence, or legal authority in support of his request, which is therefore **DENIED**.

### H.    Identities of Confidential Informants

Defendant requests the disclosure of the identity, known aliases, and whereabouts of any confidential informant who supplied the United States with information that led to Defendant's arrest.  The United States opposes the request on the ground that it is overly broad.  As the United States points out, the Fifth Circuit has held that a defendant bears the burden of showing that the identity of a confidential informant should be revealed. *See United States v. Franklin*, 598 F.2d 954, 957-58 (5th Cir. 1979); *United States v. Hansen*, 569 F.2d 406, 411 (5th Cir. 1978).  In reply, Defendant provides no argument, evidence, or legal authority in support of his request for disclosure, which is therefore **DENIED**.

### I.    Consideration for the Cooperation of Witnesses

Defendant requests the disclosure of information regarding all promises and representations made to confidential informants, co-defendants, and alleged co-conspirators and aiders and abettors in exchange for their cooperation, assistance, or testimony.  The United States agrees to this request only insofar as it pertains to exculpatory evidence or to representations made to individuals who will testify at trial. Defendant does not appear to object to the United States' proposed limitation, which is consistent with *Brady*, 373 U.S. 83, and *Giglio v. United States*, 405 U.S. 150 (1972). Defendant's request is, therefore, **GRANTED** with respect to exculpatory material and to representations made to witnesses who will testify at trial.   The request is otherwise **DENIED**.

### J.      Search Warrants and Supporting Affidavits

Defendant requests the disclosure of all search warrants and related affidavits used in this case.  The United States agrees to this request only insofar as disclosure is mandated by the Jencks Act or by *Brady*.  In reply, Defendant provides no argument, evidence supporting an order compelling broader disclosure.  His request is therefore **GRANTED** as regards Jencks and *Brady* material, and is otherwise **DENIED**.

### K.      Offense Reports

Defendant requests the disclosure of "any and all offense reports."  (Def.'s Mot. for Disc. & Inspection at 3 ¶ 15.)  The United States agrees to this request only insofar as disclosure is mandated by the Jencks Act or by *Brady*.  In reply, Defendant provides no argument, evidence, or legal authority supporting an order compelling broader disclosure. His request is therefore **GRANTED** as regards Jencks and *Brady* material, and is otherwise **DENIED**.

### L.      Exculpatory and Inculpatory Statements by Defendant

Defendant requests the disclosure of all exculpatory or inculpatory statements and confessions made by him to government agents.  The United States agrees to this request only insofar as disclosure is required by Fed. R. Crim. P. 16(a)(1)(A) & (B).  Defendant does not appear to dispute the United States' proposed limitation.  His request is therefore **GRANTED** insofar as it pertains to disclosures required by Rule 16(a)(1)(A) & (B), and is otherwise **DENIED**.

### M.      Identities of Persons Having Knowledge Concerning This Case

Defendant requests the disclosure of the names, addresses, and telephone numbers of all persons having knowledge of facts or information concerning this case.  The United

States opposes this request on the ground that such disclosure is not mandated by law.  In reply, Defendant provides no argument, evidence, or legal authority in support of his request, which is therefore **DENIED**.

**N.    Written and Oral Statements by Witnesses**

Defendant requests the disclosure of all written and oral statements made by witnesses with regard to this case.  These requests, ¶¶ 18 and 19 of Defendant's motion for discovery and inspection, are duplicative of ¶ 1 of the motion and are therefore **DENIED AS MOOT**.

**O.    Defendant's Criminal Record**

Defendant requests the disclosure of all documents reflecting his criminal record. The United States agrees to this request, pursuant to FED. R. CRIM. P. 16(a)(1)(D).  The request is therefore **GRANTED**.

**P.    Criminal Records of Accomplices and Other Individuals**

Defendant requests the disclosure of "rap sheets" and other documents reflecting the criminal records of alleged accomplices, witnesses, and other persons having knowledge of the facts of this case.  The United States agrees to this request only insofar as it pertains to the criminal records of individuals who may be called to testify at trial. In reply, Defendant emphasizes the importance of the very evidence that the United States has agreed to disclose – namely, information pertaining to witnesses who will testify.  (Def.'s Reply at 3 ¶ 2.)  Because there appears to be no dispute between the parties as to this request, it is **GRANTED** insofar as it pertains to the criminal records of witnesses who will testify at trial, and is otherwise **DENIED**.

### Q.    Reports of Examinations and Tests

Defendant requests the disclosure of laboratory and fingerprint test results within the United States' possession, custody, or control.   The United States agrees to this request insofar as it pertains to disclosure mandated by FED. R. CRIM. P. 16(a)(1)(F). Defendant does not appear to object to the United States' proposed limitation, and his request is therefore **GRANTED** with regard to disclosures mandated by Rule 16(a)(1)(F), and is otherwise **DENIED**.

### R.    Tangible Objects Seized from Defendant

Defendant requests the disclosure of books, papers, documents, written statements, accounts, letters, photographs, tapes, and other tangible objects seized from Defendant.   The United States agrees to this request insofar as it pertains to disclosure mandated by FED. R. CRIM. P. 16(a)(1)(E)(iii).   Defendant does not appear to object to the United States' proposed limitation, and his request is therefore **GRANTED** with regard to disclosures mandated by Rule 16(a)(1)(E)(iii), and is otherwise **DENIED**.

### S.    Likenesses of Defendant

Defendant requests copies of all pictures, photographs, snapshots, mug shots, movies, replicas, or other likenesses of Defendant made at or after the time of Defendant's arrest.   The United States agrees to provide photographs and videotapes made *prior* to Defendant's arrest, but objects to his request for mug shots taken *at or after* that time.   The mug shots are, however, highly likely to be both material to the defense and used in the government's case-in-chief.   *See* FED. R. CRIM. P.  16(a)(1)(E)(i) & (ii).  Defendant's request for their disclosure is therefore **GRANTED**.

### T.        Tape and Wire Recordings and Transcripts

Defendant requests the disclosure of recordings of conversations to which Defendant or any witness is a party.  The United States agrees to this request insofar as it pertains to disclosures mandated by FED. R. CRIM. P. 16(a)(1)(E)(i) & (ii) or by *Brady*. Defendant does not appear to object to the United States' proposed limitations, and his request is therefore **GRANTED** with regard to disclosures mandated by Rule 16(a)(1)(E)(i) & (ii) or by *Brady*, and is otherwise **DENIED**.

### U.        Identities of Identification Witnesses

Defendant requests the disclosure of the names and addresses of all identification witnesses.  The United States objects to this request on the ground that a non-capital defendant has no constitutional right to discovery of witness lists prior to trial.  As noted above, at Part III.F of this Memorandum and Order, the United States is correct. Moreover, the United States has volunteered to file a witness list with the Court prior to the commencement of jury selection.  Defendant will thus have access to the list in advance of trial, and his request for a witness list at this time is therefore **DENIED**.

### V.        Time and Place of Identifications

Defendant requests the disclosure of the time and place of any photographic or corporeal identification made by an identification witness in this case.  The United States objects to this request.  In reply, Defendant provides no argument, evidence, or legal authority to demonstrate that he is entitled to such information.  His request is therefore **DENIED**.

**W.      Written Notes of Identification Witnesses' Statements**

Defendant requests the disclosure of any written notes of statements made by all identification witnesses.  The United States objects to this request except insofar as it pertains to disclosures mandated by the Jencks Act or by *Brady*.  In reply, Defendant provides no argument, evidence, or legal authority to demonstrate his entitlement to such notes.  Moreover, the disclosure of such notes, except those discoverable under the Jencks Act or under *Brady*, appears to be precluded by FED. R. CRIM. P. 16(a)(2). Defendant's request for the notes is, therefore, **GRANTED** insofar as it pertains to materials discoverable under the Jencks Act or under *Brady*, and is otherwise **DENIED**.

**X.      Examination Reports**

Defendant requests the disclosure of all examination reports prepared by any United States agency with regard to this case.  The United States objects to this request except insofar as it pertains to disclosures mandated by the Jencks Act, by *Brady*, or by FED. R. CRIM. P. 16(a)(1)(F).  Defendant does not appear to object to the United States' proposed limitations, and his request is therefore **GRANTED** with regard to disclosures mandated by the Jencks Act, by *Brady*, or by Rule 16(a)(1)(F), and is otherwise **DENIED**.

**Y.      Records of IRS Audits and Investigations of Defendant**

Defendant requests the disclosure of all materials in the government's possession relating to any IRS audit or investigation of Defendant or his immediate family.  The United States objects to this request, citing 26 U.S.C. § 6103.  In reply, Defendant points out that § 6103 permits disclosure of tax returns and return information in a judicial proceeding to enforce a federal criminal statute, upon the court's determination that the

information is "probative of a matter in issue relevant in establishing the commission of a crime or the guilt or liability of a party."   *Id.* § 6103(i)(4)(A)(i).  This case is a criminal proceeding arising from Defendant's alleged attempt to bribe an IRS agent in order to avoid an impending audit.  Information pertaining to any such audit is, therefore, highly probative.   Accordingly, Defendant's request for disclosure of audit information is **GRANTED**.

### Z.      Personnel Files of Government Agent Witnesses

Defendant requests the disclosure of the personnel files of government agent witnesses, where those files reflect upon the witnesses' credibility or are otherwise helpful to the defense.  The United States objects to this request except insofar as it pertains to disclosures mandated by *Brady*.  The Fifth Circuit has held that *Brady* does not require the government to turn over its files in their entirety.  *See United States v. Martinez-Mercado*, 888 F.2d 1484, 1489 (5th Cir. 1989).  Moreover, "mere speculation" as to whether information will lead to exculpatory evidence is insufficient to support mandatory disclosure.  *Wood v. Bartholomew*, 516 U.S. 1, 6 (1995).

The Fifth Circuit has also held that a court may conduct an *in camera* inspection to determine whether a law enforcement officer's personnel file should be disclosed, if a defendant can produce evidence supporting his contention that the file will yield impeachment evidence:

> Any information sought for its impeachment value can only be of impeachment use if it is admissible pursuant to the rules of evidence. . . . Our focus, therefore, must be on a determination of whether or not the defense was denied access to material falling within the scope of *Brady*. The district court, following an *in camera* inspection of the material requested, concluded that the information was not discoverable.  We have also examined the sealed material and reach the same conclusion.

*United States v. Johnson*, 872 F.2d 612, 619-20 (5th Cir. 1989).  The defendant in

*Johnson*, for example, requested only one file and produced an anonymous letter stating

that the agent whose file was sought "had been the subject of many internal inquiries

concerning his abuse of authority and misconduct."  *Id.* at 618-19.

In contrast, Defendant here attempts, without producing any evidence supporting

disclosure, to place upon the government the burden of determining whether the files of

all testifying agents should be produced.  Such a demand is beyond the permissible scope

of discovery in a criminal matter.  *United States v. Bagley*, 473 U.S. 667, 675 (1985)

(holding that *Brady*'s "purpose is not to displace the adversary system as the primary

means by which truth is uncovered, but to ensure that a miscarriage of justice does not

occur").  Defendant's request for personnel files is therefore **DENIED**.

### AA.    Information Regarding the Means of Currency Transmittal

Defendant requests the disclosure of documents, communications, and other

information concerning the means by which currency was transmitted to Rincon or

Rodriguez.  The United States agrees to this request, which is therefore **GRANTED**.

### BB.    Rodriguez's Presentence Report

Defendant requests the disclosure of Rodriguez's presentence investigation report,

prepared in Cause No. 03-CR-345-ALL, and all addenda thereto.  The United States

objects to this request on the ground that it is not authorized to disclose the report.  The

United States is correct.  As the Supreme Court has noted, "in both civil and criminal

cases the courts have been reluctant to give a third party access to the presentence report

prepared for some other individual in the absence of a showing of special need."  *United*

*States Dep't of Justice v. Julian*, 486 U.S. 1, 2 (1988) (emphasis omitted).  Because

Defendant has made no such showing here, his request for disclosure of the presentence report is **DENIED**.

   CC.    **Summaries of Expert Witness Opinions**

   Defendant requests summaries of the opinions of any expert witnesses who will testify during the United States' case-in-chief.  The United States agrees to this request, which is consistent with FED. R. CRIM. P. 16(a)(1)(G).   The request is therefore **GRANTED**.

## IV.    NOTICE OF GOVERNMENT'S INTENTION TO USE EVIDENCE

   Defendant moves, pursuant to FED. R. CRIM. P. 12(b)(4)(B), for notice of the government's intention to use evidence discoverable under FED. R. CRIM. P. 16 in the government's case-in-chief.  The United States agrees to this request, which is therefore **GRANTED**.

## V.    BILL OF PARTICULARS

   Defendant requests that this Court order the United States to file a bill of particulars detailing various aspects of its case.  The United States opposes the request on the ground that the indictment is sufficiently specific.  In reply, Defendant argues that he "is without fundamental information as to the alleged subject and substance of the tax audit or investigation [that] he is accused of seeking to circumvent" and that he is "entitled to know the manner and means by which [he allegedly] gave, offered, or promised something of value to a public official."  (Def.'s Reply at 6.)  Because the requested information will likely be included in the disclosures already ordered, Defendant's motion for a bill of particulars is **DENIED AS MOOT**.  Should the

discovery ordered above fail to provide him with sufficient information, Defendant may refile the motion at a later date.

**CONCLUSION**

For the reasons articulated in this Memorandum and Order, Defendant's motion for individual voir dire is **GRANTED**; his motion for production of Jencks Act material is **DENIED**; his motion for discovery and inspection is **GRANTED IN PART AND DENIED IN PART**; his motion for notice of government's intent to use evidence is **GRANTED**; and his motion for a bill of particulars is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 7th day of December, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**